# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2023-0834-SEM |
| | ) | |
| ED PETTYJOHN, MICHAEL F. | ) | |
| MCGROERTY, WHITNEY POGWIST, | ) | |
| MCCRONE SURVEYERS, et al., RONALD | ) | |
| HASTINGS, CHELSEA HASTINGS, | ) | |
| FORSIGHT, LLC, CYNTHIA HASTINGS, | ) | |
| DAVID MARK ALLEN, TINA | ) | |
| PETTYJOHN, KYLE MARVEL, PONTE | ) | |
| VEDRA, LLC, DON POGWIST, DEBBIE | ) | |
| SIBERT, ANN SABO ALEN, WILLIAM | ) | |
| "BILL" HARPER, JR. and NANCY | ) | |
| HARPER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING EMERGENCY
## MOTION FOR APPOINTMENT OF COUNSEL

WHEREAS, on August 29, 2023, the plaintiff, Crystal E. Long (the "Plaintiff") filed an emergency motion seeking the appointment of counsel to represent her in this matter (the "Motion");[1]

---

[1] Docket Item ("D.I.") 34. This order is limited to the Motion and does not attempt to summarize the entirety of the docket of this matter. Interested readers may refer to the docket for additional procedural posture.

WHEREAS, in the Motion the Plaintiff avers that "immediate and irreparable harm will result if the request is not granted[;]"[2] the Plaintiff also discloses concerns about her safety and mental health, and explains the frustration and confusion she has felt prosecuting this action;[3]

WHEREAS, in the Motion, the Plaintiff quotes from the Family Court's website regarding emergency *ex parte* orders and cites to 28 *U.S.C.* § 1915 for support for her request for the appointment of counsel;

WHEREAS, the standards cited by the Plaintiff are not binding on this Court;[4]

WHEREAS, in this Court, to obtain expedition "a plaintiff must articulate a sufficiently colorable claim and show a sufficient possibility of a threatened irreparable injury, as would justify imposing on the defendants and the public the extra (and sometimes substantial) costs of an expedited proceeding[;]"[5]

WHEREAS, the State of Delaware does not have a statute like 28 *U.S.C.* § 1915, through which civil litigants in the Court of Chancery may or must be appointed counsel upon their request;[6]  conversely, "the District Court for the

---

[2] *Id.*

[3] *Id.*

[4] This Court does, however, have its own procedures for parties seeking *ex parte* relief. *See, e.g.*, Ct. Ch. R. 65(b).

[5] *Silverberg v. Munshi*, 2022 WL 90608, at *1 (Del. Ch. Jan. 10, 2022) (cleaned up, citations omitted).

[6] *See Pitts v. City of Wilm.*, 2009 WL 1515580, at *1 (Del. Ch. May 29, 2009).

District of Delaware has a panel of volunteer attorneys, the Federal Civil Panel, who are willing to accept civil cases in certain subject areas where a litigant is unable to afford an attorney and the court determines to refer the case to a member of the Panel. There is no similar panel of attorneys available to this Court[;]"[7] without an authorizing statute or panel of available counsel, "there is no general right to counsel at State expense in civil litigation;"[8]

**IT IS HEREBY ORDERED** this 30th day of August, 2023, as follows:

1.      The Motion is hereby EXPEDITED. The Plaintiff has articulated that delayed consideration of her request for appointment of counsel would create a sufficient possibility of threatened irreparable injury.  Further, given the nature of the Motion, the burden of expedition on the Court and other parties is low.  Thus, I have expedited my consideration of the Motion, for which I need no further briefing or argument.[9]

---

[7] *Id.*

[8] *Iverson v. Hunt*, 242 A.3d 1087, n.2 (Del. 2020) (citations omitted). Even when faced with a statute expressly permitting the appointment of counsel for a civil litigant, this Court has emphasized "there is no constitutional right to appointment of counsel in a civil case—even when a party is deemed to be indigent." *Shahin v. City of Dover*, 2018 WL 4635730, at *2 (Del. Ch. Sept. 26, 2018). *See also Williamson v. Taylor*, 1998 WL 324893, at *7 (Del. Ch. Mar. 13, 1998) ("There is no right to appointed counsel in a civil proceeding and there is nothing this Court can do to change that.").

[9] The Plaintiff has filed other motions marked as "expedited" or "emergency," including her August 15, 2023 motions to expedite (D.I. 1), for reversal of auction (D.I. 4), and for relief from judgment (D.I. 5), and her August 16, 2023 motion for change of venue (D.I. 7-10). The motion to expedite was originally scheduled for an expedited hearing but, at the Plaintiff's request, that hearing was cancelled. *See* D.I. 28. In an August 24, 2023 letter, I

2.     I recommend that the motion be DENIED.  As this Court and the Delaware Supreme Court have recurrently affirmed, there is no right to the appointment of counsel for civil, indigent litigants.  Although the docket shows a fair amount of confusion and appointed counsel may be helpful to the Plaintiff, this action does not reflect the type of extraordinary or unusual circumstances that would support the burden and imposition of appointing counsel.  Counsel should not be appointed and the Plaintiff, if unable to secure counsel of her own and should she wish to continue with this action, should proceed in a self-represented capacity.

3.     The Plaintiff is, however, encouraged to explore the possibility of securing counsel on her own.  The State of Delaware has three nonprofit legal service organizations: Community Legal Aid Society, Inc., Delaware Volunteer Legal Services, Inc., and Legal Services Corporation of Delaware, Inc.  There is also a Delaware Legal Help Link website (https://delegalhelplink.org/), through which Delawareans can inquire about free legal help.  There may well be an untapped resource available to the Plaintiff.

4.     Regardless of whether the Plaintiff secures counsel, I am hopeful that my letter of August 29, 2023, and my limitation therein of the potential reasons for

---

explained how the Plaintiff could properly request a hearing on the other purportedly expedited or emergency motions. *Id.* I find, unlike the Motion, those motions cannot be considered on the papers submitted to date and must await further proceedings.

rejecting e-filings in this action, will alleviate some of the concerns underlying the Motion.

5.     This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Rule 144.  Because consideration of the Motion was expedited, exceptions are likewise expedited under Rule 144(d)(2).

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Magistrate in Chancery